the plaintiff the portion of said property to which she was entitled, and to state an account between certain of the parties, so as to ascertain the amount that plaintiff was entitled to recover. Such a reference is interlocutory in its character, and is not a trial, within section 3251 of the Code."

The court accordingly held that costs of one trial only could be taxed. So far as can be judged by the papers before me, the issue determined at Special Term was not an issue of law, but an issue of fact, and such is conceded to be the case in the plaintiff's brief. Wiggins v. Arkenburgh, 4 Sandf. 688, and Milliman on Costs, p. 485, relied upon by the plaintiffs, are therefore not in point. Neither is Gilroy v. Badger, 23 Misc. Rep. 143, 58 N. Y. Supp. 1106, like the present case. There the action was placed on the short cause calendar, and was sent back to the general calendar because it was not finished in an hour, and two trial fees were very properly allowed; the court observing that there was imposed upon the defendant the necessity twice to prepare for and twice to conduct the trial. In the present instance only a single trial was had; a part of it taking place before the court at Special Term and a part of it before a referee, and the two proceedings together making a single complete trial.

The motion is therefore granted, without costs.

---

### PHILLIPS v. VAN LEER.

(Supreme Court, Appellate Division, First Department. December, 1908.)

Action by Moses H. Phillips against Isaac Van Leer.
No opinion. Motion granted, with ten dollars costs. See memorandum.

---

### PHILLIPS v. VAN LEER.

(Supreme Court, Appellate Division, First Department. December, 1908.)

Action by Moses H. Phillips against Isaac Van Leer.
No opinion. Motion denied, with leave to appellant to move as stated in memorandum per curiam. Settle order on notice.

---

### In re SHAPIRO.

### STATE BANK v. WILCHINSKY et al.

(Supreme Court, Special Term, New York County. September 2, 1909.)

CONTEMPT (§ 55*)—PROCEEDINGS TO PUNISH—SERVICE ON ATTORNEY.
  Consolidated Laws, p. 2139, c. 30, § 757, provides that proceedings to punish for contempt are to be commenced either by an order to show cause or by the issuance of a warrant of attachment, and page 2141, § 761, declares, that an order to show cause is equivalent to notice of a motion, and that the subsequent proceedings are taken in the action or special proceeding as on motion. *Held*, that where a purchaser at foreclosure sale failed to complete the purchase and was ordered to pay to the referee the resulting damages, from which he appealed, but failed to give security to stay pro-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes